## CHALLENGE CORN-PLANTER CO. v. GEARHARDT et al.

*(Circuit Court, S. D. Ohio, E. D. July 7, 1891.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—CORN-PLANTERS.

Letters patent No. 279,822, June 19, 1888, to Levi Schofield, for improvement in corn-planters, consisting in the combination with a tooth seed-plate of vibrating pawl-carriers, pivoted on diagonally opposite corners of a stationary casting, and carrying pawls for acting alternately upon the seed-plate to rotate it, are not infringed by a corn-planter in which the pawls are carried on a U-shaped slide operating as a rectilinearly moving pawl-carrier, the slide being guided by links which neither support nor carry the pawls.

2. SAME.

Nor is the claim in said patent of the combination with a toothed seed-plate of pawl-carriers pivoted on diagonally opposite corners of a stationary casting, the gravitating pawls mounted on the pawl-carriers, and flanges on the stationary casting for guiding the pawls laterally, and insuring their positive and certain engagement with the teeth of the seed-plate, infringed by a corn-planter, which, instead of pivoted pawl-carriers, and gravitating pawls mounted thereon, has a sliding frame and gravitating pawls, such as were known and in common use prior to the date of the patent.

In Equity.

Suit for infringement of patent No. 279,822 for improvement in corn-planters, issued to Levy Schofield, June 19, 1883, and assigned to complainant.

*Arthur Stem,* for complainant.

*H. H. Bliss,* for respondents.

SAGE, J. Complainant's contention is that the respondents are infringers of the first, second, third, and fifth claims of the patent sued upon, which are as follows:

"(1) In a corn-planter, the combination with the toothed seed-plate of the vibrating pawl-carriers, pivoted on diagonally opposite corners of the stationary casting, and carrying pawls for acting alternately upon the seed-plate to rotate it, substantially as described.

"(2) In a corn-planter, the combination, with the toothed seed-plate, of the pawl-carriers, pivoted on diagonally opposite corners of the stationary casting, the gravitating pawls mounted on said pawl-carriers, and the flanges on the stationary casting for guiding the pawls laterally and insuring their positive and certain engagement with the teeth of the seed-plate, substantially as described.

"(3) In a corn-planter, the combination, with the toothed seed-plate, of the vibrating pawl-carriers, pivoted to diagonally opposite corners of the stationary casting, the gravitating pawls mounted on said carriers, and the bifurcated operating slide having its arms connected to the pawl-carriers, substantially as described.

"(5) In a corn-planter, the combination, with the stationary casting, of the vibrating pawl-carriers, pivoted on diagonally opposite corners of the casting, the ribs on the casting for supporting the outer ends of the pawl-carriers, the reciprocating slide connected to the pawl-carriers below the casting, and the roller for supporting the slide, substantially as described."

The respondents rest their defense upon the issue of non-infringement. They leave with the court the question of the validity of complainant's patent. The court concurs in the statement of their expert that the

patentee has not made any radical changes in the construction or operation of this class of machines, and that it appears from the patent itself that he does not pretend to have done so. The construction which he claims in each of the several claims in suit is a mere structural modification of what he admits to have existed before, and, as a matter of fact, in making the changes which he claims, he has not introduced into his machine a single new part, function, or element.

What is claimed as new relates exclusively to the devices for supporting and moving the pawls used to impart the intermittent motion to the seed-plate, and to the particular arrangement of parts which connect the pawls with respect to the bed-plate on which the seed-plate rests.

The court also adopts the statement of respondents' expert, that, in view of the prior art, the claims must be limited to the particular construction described and claimed. The vibrating arms, E, E, must actually carry the pawls. The bifurcated operating slide cannot be a pawl-carrier, but must be merely a slide for operating the separate vibrating pawl-carrying arms, which it connects with each other, and with the reciprocating shake-bar of the machine.

Recognizing the complainant's patent as valid to this extent, and only to this extent, the question which will be decisive of this case is, do the respondents infringe?

The respondents' corn-planter differs from complainant's in the following particulars: (1) Instead of vibrating pawl-carriers pivoted on diametrically opposite corners of the stationary casting, and carrying pawls for acting alternately on the seed-plate to rotate it, as described and claimed in complainant's patent, the pawls in defendants' corn-planter are carried on a U-shaped slide, which operates as a rectilineally moving pawl-carrier. This slide is guided by links, but they neither support nor carry the pawls. The respondents' pawl-carriers are also clearly shown to be old, and more nearly correspond with those described in patent No. 252,526, to Schofield, dated January 17, 1882, differing, however, from that in the employment of two link guides beneath the slide instead of one. Bifurcated slide-bars for carrying pawls are shown in reissued letters No. 10,197, to Frank W. Young, September 12, 1882, original No. 142,320, August 26, 1873; in patent to J. Kelley, No. 212,708, February 25, 1879; to F. W. Shellabarger, No. 190,087, April 24, 1877, to J. B. Johnson, No. 232,826; to Shelby, No. 274,981; to Hearts, No. 228,258; and to Brown, reissue 6,384. I am of opinion, therefore, that respondents do not infringe the first claim of the complainant's patent.

With reference to the second claim, the respondent's corn-planter does not contain either pivoted pawl-carriers or gravitating pawls mounted thereon, but has, instead, a sliding frame and gravitating pawls, such as were known and in common use prior to the date of the invention described in the patent in suit. The only novelty in this claim is in the mere formal matter of vibrating arms, supporting and carrying the pawls, and arranged as described in the patent. Respondents do not infringe claim 2.

The third claim is not infringed. The guide-links in respondents' corn-planter are nothing more than mere guides for the true pawl-carrier. They perform no function as pawl-carriers.

The respondents' corn-planter does not contain, as we have seen, the "vibrating pawl-carriers pivoted on diagonally opposite corners of the casting," nor "the reciprocating slide connected to the pawl-carriers below the casting," which are included in the fifth claim. The respondents' slide is above the casting, and rides upon it. It results that the fifth claim is not infringed.

The bill will be dismissed, with costs.